[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 408.]

OFFICE OF DISCIPLINARY COUNSEL *v.* LIVIOLA.

[Cite as *Disciplinary Counsel v. Liviola*, 2002-Ohio-1049.]

*Attorneys at law—Misconduct—Permanent disbarment—Lying to friend and taking advantage of friend's mental disability by taking $34,000 for legal services not performed—Conviction for wilful failure to provide information to the Internal Revenue Service.*

(No. 01-1255—Submitted November 13, 2001—Decided February 27, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-69.

_____

*Per Curiam.*

{¶ 1} In December 1996, respondent, Peter S. Liviola of Ashtabula, Ohio, Attorney Registration No. 0060112, met with Daniel Krapf, a college friend from New York who suffered from schizophrenia. Krapf believed that he had various legal problems, and respondent told Krapf that although he could not handle the problems himself because he was not admitted to practice in New York, he had an attorney friend in New York City named Vincent who would proceed with Krapf's legal matters. There was no attorney named Vincent.

{¶ 2} From December 1996 through June 1998, Krapf paid respondent $34,000, which respondent was to forward to the fictional Vincent to provide Krapf with legal services. This money was not used for any legal concerns of Krapf. In June 1998, two days after being confronted by federal law enforcement officers, respondent returned the $34,000 to Krapf.

{¶ 3} Respondent did not report $14,205 of the money received from Krapf in his 1997 federal income tax return. Hence, in April 1999, respondent pled guilty to a violation of Section 7203, Title 26, U.S.Code (wilful failure to provide

information to the Internal Revenue Service), a misdemeanor. He was sentenced to four months in prison, two months of community confinement, and one year of supervised release. Respondent then filed an amended 1997 federal tax return.

{¶ 4} In December 1999, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct violated several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board"). After a hearing, the panel found the facts as stated and concluded that by lying to his college friend and taking advantage of his mental disability, respondent violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude). In addition, the panel concurred with respondent's stipulations that his conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). The panel considered evidence in mitigation, including evidence relating to respondent's gambling addiction. The panel recommended that respondent be indefinitely suspended from the practice of law and not readmitted until he has passed a complete psychological and psychiatric examination.

{¶ 5} The board adopted the findings and conclusions of the panel but recommended that respondent be disbarred from the practice of law.

{¶ 6} We have reviewed the record in this case and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Mary L. Cibella,* for respondent.

_____